UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY A. LEWIS, | § | |
| TDCJ-CID NO. 779827, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-09-3990 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner, a state inmate, seeks habeas relief from a 1997[1] state court conviction for aggravated robbery in cause number 725898 in the 248th District Court of Harris County, Texas. (Docket Entry No.1). Petitioner's first federal habeas petition challenging this conviction was denied on the merits. *Lewis v. Cockrell*, Civil Action No.H:00-4045 (S.D. Tex. Nov. 27, 2001). By his habeas application, petitioner challenges the legality of his thirty-four-year sentence assessed on January 13, 1997. (Docket Entry No.1). For the reasons to follow, the Court will dismiss the pending petition without prejudice.

Title 28 U.S.C. § 2244(b)(2) permits a district court to consider a claim presented in a second or successive habeas application[1] that was not presented in a prior application if the claim (1) relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) is based on a factual predicate that could not have been discovered previously through the exercise of due diligence and which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the Court finds the pending petition for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's previous habeas application, challenges the execution of petitioner's conviction and sentence in cause number 725898.

found petitioner guilty of the underlying offense. In the pending petition, however, it is not necessary to determine whether this Court may consider petitioner's claims presented in the current petition because petitioner has failed to fulfill the preliminary procedural filing requirements pertaining to successive petitions.

Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second or successive application permitted by section 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin,* 518 U.S. 651, 654 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.* at 664. Permission may be obtained only by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a *prima facie* showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

In this case, petitioner has not made any showing of having obtained authorization from the Fifth Circuit Court of Appeals to file a successive federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no

authority to consider his request for relief. Consequently, this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus.

Accordingly, the pending habeas petition is DISMISSED without prejudice to petitioner seeking authorization from the court of appeals to proceed in this Court on any new claims.

Moreover, petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For this reason, this court finds that a certificate of appealability should not issue in this case.

It is so ORDERED.

SIGNED at Houston, Texas, this 29th day of December, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE